SONIA R. CARVALHO (SBN 162700)
CITY ATTORNEY
LAURA A. ROSSINI (SBN 223471)
CHIEF ASSISTANT CITY ATTORNEY
EMAIL: LROSSINI@SANTA-ANA.ORG
ANDREA GARCIA-MILLER (SBN 231263)
ASSISTANT CITY ATTORNEY
EMAIL: AGARCIA-MILLER@SANTA-ANA.ORG
CITY OF SANTA ANA
20 CIVIC CENTER PLAZA M-29
P.O. BOX 1988
SANTA ANA, CALIFORNIA 92702
TELEPHONE: (714) 647-5218
FACSIMILE: (714) 647-6515

Attorneys for Defendants
CITY OF SANTA ANA; and
SANTA ANA CITY COUNCIL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ORANGE COUNTY APARTMENT HOUSE ASSOCIATION, INC. dba APARTMENT ASSOCIATION OF ORANGE COUNTY,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SANTA ANA; and SANTA ANA CITY COUNCIL; and DOES 1-25, inclusive,<br><br>Defendants. | Case No.: 8:23-cv-00608- CJC-ADSx<br><br>**DEFENDANTS CITY OF SANTA ANA AND SANTA ANA CITY COUNCIL'S NOTICE OF MOTION AND MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*(Filed concurrently with Defendants' Request for Judicial Notice and Proposed Order)*<br><br>DATE: May 15, 2023<br>TIME: 1:30 p.m.<br>COURTROOM: 9B<br>JUDGE: Cormac J. Carney |

**TO PLAINTIFF, THEIR COUNSEL OF RECORD, AND THIS HONORABLE COURT:**

**PLEASE TAKE NOTICE** that on May 15, 2023, at 1:30 p.m., in Courtroom 9B of the United States District Court for the Central District of California, Southern Division, located at 411 West Fourth Street, Santa Ana, California 92701, Defendants CITY OF SANTA ANA and SANTA ANA CITY COUNCIL'S (collectively, the "City" or "Defendants") Motion to Disqualify Plaintiff ORANGE COUNTY APARTMENT HOUSE ASSOCIATION, INC. dba APARTMENT ASSOCIATION OF ORANGE COUNTY'S ("AAOC" or "Plaintiff") Counsel, Rutan & Tucker, LLP ("Rutan") for an unwaivable conflict of interest will be heard.

Defendant's motion is based on the accompanying Memorandum of Points and Authorities, on the full records of this matter, and upon such further briefing and argument as the Court may allow at the hearing on this motion.

This motion is made following a conference of counsel pursuant to L.R. 7-3, which took place in the form of a meet and confer letter sent by counsel for Defendant to counsel for Plaintiffs on April 6, 2023, and pursuant to a telephone conference on April 11, 2023.

Respectfully submitted,

SONIA R. CARVALHO
City Attorney
City of Santa Ana

Dated: April 13, 2023      By:   */s/ Andrea Garcia-Miller*
ANDREA GARCIA-MILLER
Assistant City Attorney
Attorney for Defendant,
CITY OF SANTA ANA

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 3

II. STATEMENT OF FACTS .................................................................................... 4

III. LEGAL STANDARD ........................................................................................... 6

IV. ANALYSIS ............................................................................................................ 6

    A. The City has Standing in Federal Court for this Disqualification Motion.... 6

    B. California Law will Govern the Merits of the Disqualification Motion ...... 8

    C. Plaintiff's Counsel, Rutan & Tucker, LLP, has a Conflict of Interest that Requires Disqualification Under the California Rules of Professional Conduct ..... 9

V. CONCLUSION .................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Colyer v Smith*, 50 F.Supp.2d 966, 970 (C.D. Cal. 1999) .................................. 6, 7

*Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-44 (1991) ............................................. 6

*Federal Deposit Ins. Corp. v. United States Fire Ins. Co.*, 50 F.3d 1304, 1312 (5th Cir. 1995) ............................................................................................................... 8

*White v. Experian Info. Sols.*, 993 F. Supp. 2d 1154, 1160 (C.D. Cal. 2014) .......... 8

*Rodriguez v. W. Publ'g Corp. (Rodriguez I)*, 563 F.3d 948, 967 (9th Cir. 2009) .... 8

*In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9 Cir. 2000) .................................. 9

*William H. Raley Co., Inc. v. Sup.Ct.*, 149 Cal.App.3d 1042, 1049-1050 (Sup. Ct. 1983) ....................................................................................................................... 9

**Statutes**

*Cal. Code Regs.* tit. 2, §§ 18700, 18700.1 ...................................................... 13, 14

**Rules**

California Rules of Professional Conduct ..................................................... 9, 10, 12

Federal Rules of Civil Procedure, 16 & 83 .............................................................. 6

Local Rules of the Central District of California ..................................................... 8

Rules of Professional Conduct of the State Bar of California ....................... 8, 9, 10

Model Rules of Professional Conduct of the American Bar Assn. .................... 8, 9

**Other Authorities**

City of Santa Ana Ordinance Nos NS-3009, 3010. .................................... 3, 4, 5, 14

City of Santa Ana Charter ........................................................................................ 4

City of Santa Ana Municipal Code .......................................................................... 4

City of Santa Ana Code of Ethics and Conduct ............................................... 5, 12, 13

California Code of Ordinances, Sec 401.05, 407 ...................................... 5, 12, 13, 14

State Bar of California Standing Committee on Professional Responsibility and Conduct, Formal Opinion Number 1981-63 .................................... 3, 10, 11

Attorney General, State of California Opinion - 64 Ops.Cal.Atty.Gen.282 (April 19, 1981) ............................................................................................... 11

Attorney General, Cal State Bar Form. Opn. No. 1977-46 .................................. 12

Fair Political Practices Commission ................................................................... 13

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The City of Santa Ana, a California charter city, recently adopted a Rent Stabilization Ordinance ("RSO") and a Just Cause Eviction Ordinance ("JCE") in order to protect the tenants of residential real property and mobilehome parks from the increasing housing rent burden, poverty, and housing instability faced by many residents in the City. The RSO and JCE became effective on November 19, 2021.

On October 18, 2022, the City amended the RSO and JCE and combined the two separate ordinances into one, titled the Rent Stabilization and Just Cause Eviction Ordinances (the "Ordinance"). Plaintiff, a local landlord association, through its operative Complaint, seeks declaratory and injunctive relief regarding the constitutionality of the Ordinance. Plaintiff has named both the City of Santa Ana and Santa Ana City Council (collectively, the "City" or "Defendants") as defendants in this action.

However, Plaintiff's counsel of record, Rutan & Tucker, LLP ("Rutan"), has an imputable conflict of interest that disqualifies Rutan from representing Plaintiff. Santa Ana City Councilmember Thai Viet Phan is a licensed associate attorney working for Plaintiff's counsel, Rutan, in the very same Irvine office as listed on the attorney caption of Plaintiff's Complaint. This very scenario was the subject of a State Bar of California Standing Committee on Professional Responsibility and Conduct, Formal Opinion (No. 1981-63), where the Committee concluded that "such representation is unethical." Moreover, Rutan's representation of Plaintiff in this action presents a glaring, unawaivable conflict of interest. As such, the City seeks an order disqualifying Plaintiff's counsel, Rutan, from representing Plaintiff in this action.

/ / /

/ / /

## II. STATEMENT OF FACTS

On October 19, 2021, the Santa Ana City Council adopted the RSO, specifically titled, "An Ordinance of the City Council of the City of Santa Ana Prohibiting Residential Real Property and Mobilehome Space Rental Rate Increases that Exceed Three Percent (3%) Annually, or Eighty Percent (80%) of the Change in Consumer Price Index, Whichever is Less, Within the City," Santa Ana Ordinance No. NS-3009 (Exhibit A to Defendant's Request for Judicial Notice ("RJN"), and the JCE, specifically titled, "An Ordinance of the City Council of the City of Santa Ana Requiring Just Cause Evictions," Santa Ana Ordinance No. NS-3010 (Exhibit B to RJN). The Ordinances were properly adopted after two readings before the Santa Ana City Council, in accordance with Santa Ana Charter Sec. 413.

On October 18, 2022, the Santa Ana City Council amended the RSO and JCE and adopted the Ordinance, officially titled, "An Ordinance of the City Council of the City of Santa Ana Amending Article X of Chapter 8 of the Santa Ana Municipal Code and Creating a New Article XIX in Chapter 8 of the Santa Ana Municipal Code Pertaining to the Rent Stabilization and Just Cause Eviction Ordinances," (Exhibit C to RJN). Santa Ana Councilmember Thai Viet Phan was one of the four councilmembers that cast a vote in favor of adopting the Ordinance (Exhibit D to RJN, at p. 11, Item No. 21 on Consent Calendar).

On February 14, 2023, Plaintiff, Orange County Apartment House Association, Inc. dba Apartment Association of Orange County ("Plaintiff") filed a Complaint for Declaratory and Injunctive Relief against the City of Santa Ana and Santa Ana City Council, seeking to declare, among other requests, the Ordinance unconstitutional. *See* Compl. ¶¶ 38, 54. Plaintiff is represented by the firm of Rutan & Tucker, LLP with an attorney caption address listed as 18575 Jamboree Road, 9th Floor, Irvine, CA 92612. *Id.*

Councilmember Phan is one of the seven (7) councilmembers that sit on Santa Ana's City Council. *See* Exhibit E to RJN. Councilmember Phan is also

an associate attorney at Rutan at the Orange County office located in Irvine, at the very same address listed for Plaintiff's counsel of record. *See* Exhibit F to RJN. Rutan is Councilmember Phan's employer. *Id.* Councilmember Phan is also a municipal law attorney that drafts ordinances. *Id.* Her duties include assisting public agency clients in all aspects of government, including advice related to the Fair Political Practices Commission regulations. *Id*.

As a member of City Council, Councilmember Phan is vested with "[a]ll powers of the City and determination of all matters of policy." *Santa Ana, California Code of Ordinances* Sec. 407. Councilmember Phan is also obligated to follow The City of Santa Ana Code of Ethics and Conduct. *Santa Ana, California Code of Ordinances* Sec. 401.05. The City's Code of Ethics and Conduct state, in pertinent part:

> III. CORE VALUES…
>
> INTEGRITY/HONESTY…
> I safeguard the ability to make independent, objective, fair and impartial judgments by scrupulously **avoiding financial and social relationships** and transactions that may compromise, or give the appearance of compromising, objectivity, independence, and honesty.
>
> RESPONSIBILITY/PROTECTING THE PUBLIC'S INTERESTS…
> I excuse myself from participating in decisions when **my or my immediate family's financial interests** may be affected by my agency's actions.
> I do not give special treatment or consideration to any individual or group beyond that available to any other individual. *Santa Ana, Code of Ethics and Conduct* (June 2, 2008) (**emphasis added**).

See Exhibit G to RJN.

Based on these obligations, Councilmember Phan owes a duty of fidelity to the citizens of the City of Santa Ana.

/ / /

### III. LEGAL STANDARD

The Court has the power to disqualify Plaintiff's counsel for a conflict of interest. This Court has acknowledged the Court's well recognized power to control the conduct of the attorneys practicing before it and enforcing applicable ethical standards. *Colyer v. Smith*, 50 F.Supp.2d 966, 970 (C.D. Cal. 1999) (citing *Chambers v. Nasco, Inc.,* 501 U.S. 32, 43-44 (1991)); *see also* Fed. R. Civ. P. 16 & 83.

The District Court's implied powers were explained by the Supreme Court as follows:

> It has long been understood that "certain implied powers must necessarily result to our Courts of justice from the nature of their institution," powers "which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." [citations omitted] For this reason, "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission on to their lawful mandates." [citations omitted] These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." [citations omitted]

*Chambers v. Nasco Inc.*, 501 U.S. at 44.

As such, the inherent powers of the Court permit this Court to hear the City's motion. Moreover, this Court should grant the City's Motion to Disqualify Plaintiff's counsel Rutan for the reasons detailed below.

### IV. ANALYSIS

A. <u>The City Has Standing in Federal Court for this Disqualification Motion</u>

The City and City Council have standing to bring this Motion to Disqualify Plaintiff's counsel in Federal court. A motion to disqualify an attorney is usually, but not always, limited to a clients or former clients. *See Colyer v. Smith*, 50 F.Supp.2d at 971.

A nonclient may have standing to bring a disqualification motion in Federal Court based on a third-party conflict of interest if it can establish either of the following: 1) a personal stake in the motion sufficient to satisfy the "irreducible constitutional minimum" standard for Article III standing; or 2) the alleged ethical breach is so "manifest and glaring" that it triggers the court's inherent obligation to manage the conduct of attorneys appearing before it and to ensure the fair administration of justice. *Id.* at 971–72.

The Court in the *Colyer* case reasoned:

> It seems clear to this Court that a non client litigant must establish a personal stake in the motion to disqualify sufficient to satisfy the "irreducible constitutional minimum" of Article III.  Generally, only the former or current client will have such a state in a conflict of interest dispute.  However, as the Delaware Supreme Court noted in *In re Appeal of Infotechnology Inc.*, in a case where the ethical breach so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of her claims, she may have the constitutional standing needed to bring a motion to disqualify based on a third-party conflict of interest or other ethical violation.  In such a case, moreover, the prudential barrier to litigating the rights and claims of third parties should not stop a district court from determining the motion, because such a limitation would be overcome by the court's inherent obligation to manage the conduct of attorneys who appear before it and to ensure the fair administration of justice.
> *Id.*

"Where there is an ethical breach that is so severe that it 'obstructs the orderly administration of justice,' the party who finds his claims obstructed has standing." *Id*. at 972.

The optics of this "manifest and glaring" conflict of interest are hard to ignore.  Councilmember Thai Viet Phan, who sits on the City's City Council, is an associate attorney at Rutan & Tucker, LLP at the Orange County office located in Irvine, at the very same address listed for Plaintiff's counsel of record.  Rutan &

Tucker, LLP is Councilmember Phan's employer. These facts unequivocally support the position that both Defendants, the City of Santa Ana and the Santa Ana City Council, have standing to bring this Motion to Disqualify.

B.  <u>California Law will Govern the Merits of the Disqualification Motion</u>.

California law will govern the merits of the City's disqualification motion, as the rules promulgated by the State Bar of California are the guiding light.

The Local Rules of the Central District of California, state in pertinent part:

> **L.R. 83-3.1.2 Standards of Professional Conduct – Basis for Disciplinary Action**. In order to maintain the effective administration of justice and the integrity of the Court, each attorney shall be familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable thereto. These statutes, rules and decisions are hereby adopted as the standards of professional conduct, and any breach or violation thereof may be the basis for the imposition of discipline. The Model Rules of Professional Conduct of the American Bar Association may be considered as guidance. C.D.Cal.R. 83-3.1.2

Motions to disqualify can be an amalgamation of Federal law and State law. *See, e.g.*, *Federal Deposit Ins. Corp. v. United States Fire Ins. Co.*, 50 F.3d 1304, 1312 (5th Cir. 1995). In cases considering conflicts of interest in attorney representation, the Ninth Circuit refers to the local rules of the district to determine what standards govern an ethical violation. *White v. Experian Info. Sols.*, 993 F. Supp. 2d 1154, 1160 (C.D. Cal. 2014) (citing *Rodriguez v. W. Publ'g Corp. (Rodriguez I)*, 563 F.3d 948, 967 (9th Cir. 2009) ("By virtue of the district court's local rules, California law controls whether an ethical violation occurred.").

California law will govern the analysis of a disqualification motion pursuant to a conflict of interest. "[B]ecause we apply the state law determining matters of disqualification, we must follow the reasoned view of the state supreme court when

it has spoken on the issue." *Id.*, (citing *In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000)). As such, the Court should look to California law for the rules governing the disqualification of Plaintiff's counsel.

### C. Plaintiff's Counsel, Rutan & Tucker, LLP, has a Conflict of Interest that Requires Disqualification Under the California Rules of Professional Conduct.

Plaintiff's counsel of record, the firm Rutan & Tucker, LLP, has a conflict of interest that is nonwaivable and requires disqualification under the California Rules of Professional Conduct and to "maintain the highest degree of care" within the legal profession.

Under the California Rules of Professional Conduct, lawyers associated in a firm are prohibited from knowingly representing a client when anyone of them practicing alone would be prohibited from doing so under Cal. Rules of Professional Conduct, Rule 1.7 (conflicts of interest) or Cal. Rules of Professional Conduct, Rule 1.9 (duties to former clients). Cal. R. Pro. Conduct 1.10(e). The California Rules of Professional Conduct explicitly subjects a lawyer's firm to vicarious disqualification, *i.e.,* when a lawyer is disqualified from the representation, the entire firm is disqualified. *William H. Raley Co., Inc. v. Sup.Ct.*, 149 Cal.App.3d 1042, 1049–50 (Sup. Ct. 1983) (decided under prior rule); *see also* Model Rules of Pro. Conduct, Rule 1.10(a) (2018); Restatement (Third) of Law Governing Lawyers § 123 (imputation of conflict of interest to affiliated lawyer).

Santa Ana City Councilmember Thai Viet Phan is also a licensed associate attorney working for Rutan. As explained below, her relationship with the City as an elected official creates an imputable conflict of interest that disqualifies Rutan from representing Plaintiff because she owes a duty of fidelity to the City and its residents in this capacity. *See, e.g.*, *William H. Raley Co. v. Superior Court*, 149 Cal.App.3d at 1047 (finding conflict where attorney had a duty of fidelity to nonclient).

/ / /

This very scenario arose in the State Bar of California Standing Committee on Professional Responsibility and Conduct, Formal Opinion Number 1981-63, where the specific question posed was "[m]ay the law firm of a member of city council ethically represent tort plaintiffs in actions against the city when the city has given informed consent?" Cal. State Bar Form. Opn. No. 1981-63 (decided under former rules). The Committee concluded that "such representation is unethical." *Id.*

The Committee considered whether former Rule 5-102 (B)(1) of the Rules of Professional Conduct, which prohibits an attorney from representing conflicting interests of multiple parties, applies when a member's duties of representation arising out of an attorney-client relationship conflict with a member's duties of representation arising out of some other relationship. *Id.* The Committee quite eloquently opined and reasoned that:

> For the purpose of rule 5-102(B) of the Rules of Professional Conduct, a conflict of interest may arise from an attorney's relationship with a nonclient. Such a conflict of interest may arise where an attorney's relationship with a person or entity creates an expectation that the attorney owes a duty of fidelity. It may also arise where the attorney has acquired confidential information in the course of such relationship which will be, or may appear to the person or entity to be, useful in the attorney's representation in an action on behalf of a client.
>
> In the case of a member of city council, both of these elements are present. The public expects its elected representatives to represent them "with undivided fidelity." The public also expects that its representatives will have access to confidential information which may be useful in lawsuits against the city. (For example, information concerning settlement parameters and weaknesses in the city's litigation cases would be helpful in a claim.) For these reasons, a city

---

[1] Former Cal. Rules of Professional Conduct, Rule 5-102(B) reads: "A member of the State Bar shall not represent conflicting interests except with the written consent of all parties concerned."

council member-attorney may not undertake representation of a client where there is a conflict of interest with his or her council position.

Furthermore, any conflict of interest which exists as to the council member-attorney would apply as well to his or her office partners and associates, precluding them from undertaking representation of claimants against the city.

*Id.* (citations omitted).

The Committee further concluded that the city could not waive any conflict of interest in the law firm's representation at issue. *Id*. The Committee, asserting the utmost due care for all ethical obligations, reasoned:

At least with respect to attorneys who are also public officials, the legal profession's ***interest in maintaining public confidence in lawyers and the judicial*** system is sufficient to render representation of the type proposed here ***unethical***. It is the ***public official's visibility*** to the public which places his or her conduct, as an official and as a lawyer, before the public. The greater the public scrutiny to which an attorney's conduct is subject, the greater the legal profession's interest in ensuring that the attorney's conduct appear to be proper.

An attorney must exercise the ***highest degree of care*** to avoid giving the public the impression that he or she has improperly used the influence of public office. It is therefore our conclusion that the city council member's firm ***may not*** represent tort claimants in suits against the city. *Id.* (***emphasis added***).

Similarly, the Office of the Attorney General, State of California, also reasoned that when one member of a law firm becomes a councilmember, it is unethical for other members of the firm to continue to represent clients in their routine, periodic dealings with the city. 64 Ops.Cal.Atty.Gen.282 (April 19, 1981). After citing to a "laundry list" of rules of professional ethics for attorneys, the Attorney General reasoned:

[I]t should be abundantly clear that a city councilman himself should neither represent clients before his council, nor even represent clients in their routine dealings with other agencies or personnel of his city.

11

Under Disciplinary Rule DR 5-105(D) *supra*, the same disqualification is imputed to the councilman attorney's partners or associates in his law firm.

*Id*.

The Attorney General, Cal. State Bar Form. Opn. No. 1977-46 (citing to the Committee on Professional Ethics of the State Bar), highlighted the following relevant reasoning:

> Although there may be no actual conflict of interest in the representation of a client in negotiating a contract with the city, the potential of such a conflict and the danger of an appearance of impropriety are of such magnitude and public concern as to require that such representation be declined. In the eyes of the public, it is highly possible that representation in such cases would be viewed with a suspicion that the attorney was using his or her position and influence with the city for the purpose of extracting favorable or, special treatment for his or her clients in furtherance of their interest and his or her own. ***Even the appearance of such impropriety could operate to weaken the public's confidence in the integrity and fidelity of its public officials***. (**emphasis added**.)

Former Rule 5-102(B) corresponds with current Cal. Rules of Professional Conduct, Rule 1.7 (*see* Exhibits H and I to RJN), which states, in pertinent part:

> Rule 1.7 Conflict of Interest: Current Clients
>
> …
> (b) A lawyer shall not, without informed written consent from each affected client and compliance with paragraph (d), represent a client if there is a significant risk the lawyer's representation of the client will be materially limited by ***the lawyer's responsibilities to or relationships with*** another client, a former client or ***a third person, or by the lawyer's own interests***.

As a member of City Council, Councilmember Phan is vested with "[a]ll powers of the City and determination of all matters of policy." Santa Ana, Cal., Code of Ordinances § 407. Councilmember Phan is also obligated to follow The City of Santa Ana Code of Ethics and Conduct. Santa Ana, Cal., Code of

Ordinances § 401.05. The City's Code of Ethics and Conduct state, in pertinent part:

> III. CORE VALUES…
>
> INTEGRITY/HONESTY…
> I safeguard the ability to make independent, objective, fair and impartial judgments by scrupulously ***avoiding financial and social relationships*** and transactions that may compromise, or give the appearance of compromising, objectivity, independence, and honesty.
>
> RESPONSIBILITY/PROTECTING THE PUBLIC'S INTERESTS…
> I excuse myself from participating in decisions when ***my or my immediate family's financial interests*** may be affected by my agency's actions.
> I do not give special treatment or consideration to any individual or group beyond that available to any other individual. *Santa Ana, Code of Ethics and Conduct* (June 2, 2008) (**emphasis added**).

*See* Exhibit G to RJN.

Further, as a Councilmember, Councilmember Phan is obliged to follow the rules of the Fair Political Practices Commission, Conflict of Interests, codified under Title 2, Division 6 of the California Code of Regulations. The California Code of Regulations states, in pertinent part:

> **(a)** Public Meeting Decisions Involving Officials Specified in Section 87200 A public official in a position specified in Section 87200 and disqualified from a decision relating to an agenda item noticed for consideration at a public meeting subject to either the Bagley-Keene Act (Section 11120 et seq.) or the Brown Act (Section 54950 et seq.) must not take part in the decision. The official's recusal from the decision shall meet all of the following requirements:
>
>    **(1)** Form and Content of Public Identification. The official must publicly identify each type of financial interest held by the official that gives rise to the conflict of interest (i.e. business entity, real property, source of income, gift(s) or a personal financial effect).
>
>       **(A)** For each financial interest identified, the official must provide the following, as applicable:

13

     **(i)**  Name of the business entity, general description of the business' activity, and any position held.
     **(ii)**  Real property address, assessor's number, or identification that the property is the official's personal residence.
     **(iii)**  Name of the source of income.
     **(iv)**  Name of the source of a gift.
     **(v)**  The nature of the expense, liability, asset, or income affected.
    **(B)**  Identification must be oral and made part of the public record.

Cal. Code Regs. tit. 2, § 18700.

By hiring Rutan, Plaintiff has put Councilmember Phan in a deliberately precarious position, by design. Counsel for Plaintiff is well aware that Councilmember Phan is an associate for the firm. Councilmember Phan also cast a vote in favor of the Ordinance at issue. *See* Exhibit D to RJN.

Councilmember Phan receives income from Rutan as an employee and attorney for the firm. As such, Councilmember Phan has an affirmative duty to "excuse [herself] from participating in decisions" when her financial interests may be affected by City Council's actions. *See* Santa Ana, Cal., Code of Ordinances § 401.05. Further, her income stream as an associate of Rutan disqualifies her from making a decision regarding this litigation and the Ordinance under the Fair Political Practices Commission, Conflict of Interests. *See* Cal. Code Regs. tit. 2, §§ 18700, 18700.1.

Moreover, Councilmember Phan's relationship with the City as an elected official creates an imputable conflict of interest that disqualifies Rutan from representing Plaintiff because she owes a duty of fidelity to the City and its residents in this capacity. Rutan's representation of Plaintiff as an adversary to the City in the pending litigation, presents a glaring conflict of interest that cannot and will not be waived by the City because, in accordance with the authorities above,

Councilmember Phan owes a duty of fidelity to the City and its residents giving rise to such conflict that is imputable to the entire firm.

V.  CONCLUSION

Based upon the foregoing, the City respectfully requests that this Court grant its Motion to Disqualify Plaintiff's Counsel, Rutan & Tucker, LLP.

Respectfully submitted,

SONIA R. CARVALHO
City Attorney
City of Santa Ana

Dated: April 13, 2023          By:    /s/ Andrea Garcia-Miller
ANDREA GARCIA-MILLER
Assistant City Attorney
Attorney for Defendants,
CITY OF SANTA ANA; and
SANTA ANA CITY COUNCIL

# PROOF OF SERVICE

USDC – Central District of California, Case No.: 8:23-cv-00608-CJC-ADSx
*Orange County Apartment House Association, et al v. City of Santa Ana, et al.*

I am employed in the aforesaid county; I am over the age of eighteen and not a party to the within action; my business address is 20 Civic Center Plaza, #M-29, Santa Ana, California 92701.

On April 13, 2023, I served the foregoing document described as **DEFENDANTS CITY OF SANTA ANA AND SANTA ANA CITY COUNCIL'S NOTICE OF MOTION AND MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL** in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

[ ] **BY REGULAR MAIL**: I deposited such envelope in the mail at 20 Civic Center Plaza, 7th Floor, Santa Ana, CA 92701. The envelope was mailed with postagte thereon fully prepaid.

I am readily familiar with my employer's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** The foregoing document will be served by the court via NEF. On **April 13, 2023** I checked the CM/ECF docket for this case and determined that the following persons are on the Electronic Mail List to receive NEF transmission at the email address(es) indicated in the attached service list.

[X] (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on April 13, 2023, at Santa Ana, California.

                                              */s/ Suzanne St. Clair*
                                              Suzanne St. Clair

# SERVICE LIST

USDC – Central District of California, Case No.: 8:23-cv-00608-CJC-ADSx
*Orange County Apartment House Association, et al v. City of Santa Ana, et al.*

| A. Patrick Muñoz<br>Douglas J. Dennington<br>Jayson A. Parsons<br>RUTAN & TUCKER, LLP<br>18575 Jamboree Road, 9th Floor<br>Irvine, CA 92612 | Attorneys for Plaintiffs<br><br>Telephone: (714) 641-5100<br>Facsimile: (714) 546-9035<br>emails:<br>pmunoz@rutan.com;ddennington@rutan.com;<br>jparsons@rutan.com |
|---|---|

PROOF OF SERVICE