1  SONIA R. CARVALHO (SBN 162700)
   CITY ATTORNEY
2  LAURA A. ROSSINI (SBN 223471)
   CHIEF ASSISTANT CITY ATTORNEY
3  EMAIL: LROSSINI@SANTA-ANA.ORG
   ANDREA GARCIA-MILLER (SBN 231263)
4  ASSISTANT CITY ATTORNEY
   EMAIL: AGARCIA-MILLER@SANTA-ANA.ORG
5  CITY OF SANTA ANA
   20 CIVIC CENTER PLAZA M-29
6  P.O. BOX 1988
   SANTA ANA, CALIFORNIA 92702
7  TELEPHONE: (714) 647-5218
   FACSIMILE: (714) 647-6515
8
   Attorneys for Defendants
9  CITY OF SANTA ANA; and
   SANTA ANA CITY COUNCIL
10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13                   SOUTHERN DIVISION

14

15  ORANGE COUNTY APARTMENT          ) Case No.: 8:23-cv-00608-CJC -ADSx
    HOUSE ASSOCIATION, INC. dba      )
16  APARTMENT ASSOCIATION OF         ) **DEFENDANTS CITY OF SANTA**
    ORANGE COUNTY,                   ) **ANA AND SANTA ANA CITY**
17                                   ) **COUNCIL'S NOTICE OF**
                                     ) **MOTION AND MOTION TO**
18            Plaintiffs,            ) **DISMISS PLAINTIFF'S**
                                     ) **COMPLAINT; MEMORANDUM**
19        v.                         ) **OF POINTS AND AUTHORITIES**
                                     )
20  CITY OF SANTA ANA; and SANTA     ) *(Filed concurrently with Defendants'*
    ANA CITY COUNCIL; and DOES 1-25, ) *Request for Judicial Notice and*
21  inclusive,                       ) *Proposed Order)*
                                     )
22                                   )
            Defendants.              ) DATE:     May 22, 2023
23                                   ) TIME:       1:30 p.m.
                                     ) COURTROOM:  9B
24                                   ) JUDGE:   Cormac J. Carney
                                     )
25                                   )
                                     )
26                                   )
                                     )
27                                   )
                                     )
28                                   )
                                     )

                                    1

**TO PLAINTIFF, THEIR COUNSEL OF RECORD, AND THIS HONORABLE COURT:**

**PLEASE TAKE NOTICE** that on May 22, 2023 at 1:30 p.m. in Courtroom 9B of the United States District Court for the Central District of California, Southern Division, located at 411 West Fourth Street, Santa Ana, California 92701, Defendants CITY OF SANTA ANA and SANTA ANA CITY COUNCIL'S (collectively, "City" or "Defendants") Motion to Dismiss Plaintiff ORANGE COUNTY APARTMENT HOUSE ASSOCIATION, INC. dba APARTMENT ASSOCIATION OF ORANGE COUNTY'S ("AAOC" or "Plaintiff") Complaint ("COMPLAINT") for declaratory and injunctive relief will be heard.

Defendants' motion is brought on the following grounds:

1. Plaintiff's Complaint and each cause of action contained therein is subject to dismissal for lack of subject matter jurisdiction because Plaintiff lacks standing (*Fed. R. Civ. P.* 12(b)(1));

2. Plaintiff's Complaint fails to allege sufficient facts to state any cause of action contained in the Complaint because none of the causes of action are ripe (*Fed, R. Civ. P.* 12(b)(6);

3. Plaintiff's First Cause of Action for procedural due process fails to state a claim upon which relief can be granted because the risk of deprivation that is alleged is completely speculative (*Fed. R. Civ. P.* 12(b)(6));

4. Plaintiff's Second Cause of Action fails to state a claim upon which relief can be granted because the Rental Housing Board is not an elective office governed by Article I, Section 22 of the California Constitution (*Fed. R. Civ. P.*12(b)(6));

5. Plaintiff's Third Cause of Action fails because Plaintiff has demonstrated no facts to support its claim that the Rental Housing Board will not be a fair forum for adjudication of Fair Return Petitions (*Fed. R. Civ. P.* 12(b)(6));

6. Plaintiff's Fourth Cause of Action fails to state a claim upon which relief can be granted because Plaintiff has alleged no facts to demonstrate it has an expectation of privacy in the information required to be disclosed (*Fed. R. Civ. P.* 12(b)(6)); and

7. Plaintiffs' Fifth Cause of Action fails to state a claim upon which relief can be granted (*Fed. R. Civ. P.* 12(b)(6)).

Defendant's motion is based on the accompanying Memorandum of Points and Authorities, Defendants' Request for Judicial Notice filed concurrently herewith, on the full records of this matter, and upon such further briefing and argument as the Court may allow at the hearing on this motion.

This motion is made following a conference of counsel pursuant to L.R. 7-3, which took place in the form of a meet and confer letter sent by counsel for Defendant to counsel for Plaintiffs on April 6, 2023.

Respectfully submitted,

SONIA R. CARVALHO
City Attorney
City of Santa Ana

Dated: April 13, 2023          By:     */s/  Laura A. Rossini*
                                        LAURA A. ROSSINI
                                        Chief Assistant City Attorney
                                        Attorney for Defendants,
                                        CITY OF SANTA ANA and
                                        SANTA ANA CITY COUNCIL

# **TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................4

II.  STATEMENT OF FACTS  .............................................................5

III.  LEGAL STANDARD  ....................................................................7

     A.  Lack of Subject Matter Jurisdiction (Fed R. Civ. P. 12(b)(1) ..................7

     B.  Failure to State a Claim Upon Which Relief Can Be Granted (Fed R. Civ. P. 12(b)(6)  ......................................................................7

IV.  PLAINTIFF'S COMPLAINT LACKS SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF HAS FAILED TO PLEAD FACTS THAT DEMONSTRATE STANDING  ...........................................................8

V.  PLAINTIFF'S ENTIRE COMPLAINT FAILS FOR LACK OF RIPENESS  ...9

VI.  PLAINTIFF'S FIRST CAUSE OF ACTION FAILS TO STAET SUFFICIENT FACTS TO SUSTAIN A CLAIM FOR A PROCEDURAL DUE PROCESS VIOLATION ................................................................10

VII.  PLAINTIFF'S SECOND CAUSE OF ACTION FAILS TO STATE A CLAIM FOR VIOLATION OF THE CALIFORNIA CONSTITUTION BECAUSE APPOINTMENT TO TH ERENTAL HOUSING BOARD WAS NOT ENCOMPASSED BY ARTICLE I, SECTION 22  ...............................11

VIII.  PLAINTIFF'S THIRD CAUSE OF ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE PLAINTIFF HAS FAILED TO ALLEGE ANY FACTS THAT DEMONSTRATE A DUE PROCESS VIOLATION  ..............................................................................12

IX.  PLAINTIFF'S FOURTH CAUSE OF ACTION ALLEGING A VIOLATION OF THE FOURTH AMENDMENT FAILS TO STATE SUFFICIENT FACTS TO DEMONSTRATE AN UNLAWFUL SEARCH OR SEIZURE .............................15

XI.  PLAINTIFF'S FIFTH CAUSE OF ACTION FOR DECLARATORY RELIEF IS DEPENDENT UPON CAUSES OF ACTION ONE THROUGH FOUR AND THEREFORE FAILS ............................................................16

X.  CONCLUSION ................................................................16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

*Virginia House of Delegates v. Bethune-Hill,* 139 S. Ct. 1945, 1951 (2019). ......7, 8

*Associated Gen. Contractors of Am., San Diego Chapter, Inc. v. California Dep't of Transp.,* 713 F.3d 1187, 1194 (9th Cir. 2013). ....................................7, 8, 9

*Am. Immigr. Laws Ass'n v. Reno*, 18 F. Supp.2d 38, 51 (D.C.Cir. 1998), *aff'd*, 199 F.3d 1352 (D.C. Cir. 2000). .......................................................................7, 9

*Summers v. Earth Island Inst.*, 555 U.S. 488, 497-98 (2009). ............................7, 9

*Balistreri v. Pacific Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988). ......................8

*Moss v. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009). ........................................8

*LA Alliance for Human Rights v. City of L.A.*, 14 F.4th 947, 956 (9th Cir. 2021).....8

*Lujan v. Defes. Of Wildlife* 504 U.S. 555, 560-62 (1992). ..........................................9

*Thomas v. Union Carbide Agric. Products Co.* 473 U.S. 568, 580 (1985). .............9

*Krainski v. Nevada ex rel. Bd. Of Regents of Nevada Sys. Of Higher Educ.*, 616 F.3d 963, 970 (9th Cir. 2010). .......................................................   10

*Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008). .......................................10

*Mathews v. Eldridge,* 424 U.S. 319, 335 (1976). ................................10, 11, 13

*Reno v. Flores*, 507 U.S. 292, 309 (1993). ........................................................11, 13

*Bell Atl. Corp. v. Twombly* 550 U.S. 544, 555 (2007)......................................11, 14

*Munoz v. City of San Diego*, 37 Cal.App.3d 1 (1974)...............................................12

*Choudry v. Free*, 17 Cal. 3d 660 (1976) ................................................................12

*Pennell v. City of San Jose*, 485 U.S. 1, 14 (1988)  ..........................................13, 14

*Santa Monica Beach v. Superior Court* 19 Cal.4th 952 (1999).  .......................13, 15

*Galland v. City of Clovis*, 24 Ca,4th 1003, 1021 (2001)........................................14

TABLE OF AUTHORITIES

*Apartment Association of Greater Los Angeles v. Santa Monica Rental Control Board*, 24 Cal.App.4th 1730 (1994).....................................................14

*City of Berkeley v. City of Berkeley Rent Stabilization Board*, 27 Cal.App.4th 951 (1994). ...............................................................................14

*Rancho De Calistoga v. City of Calistoga*, 800 F.3d 1083, 1090 (9th Cir. 2015). ..14

*Byrd v. United States*, 138 S. Ct. 1518, 1526 (2018) .................................15

*Carpenter v. United States*, 138 S. Ct. 2206, 2213-2214 (2018). 15, 16

*Apartment Association of Greater Los Angeles v. City of Beverly Hills*, 2019 U.S. Dist. LEXIS 150690 at p.8 (C.D. Cal. 2019) .............................15, 16

**<u>Rules</u>**

Federal Rules of Civil Procedure.......................................................7

**<u>Other Authorities</u>**

City of Santa Ana Ordinances "RSO" and "JCE", NS-3027. ..................4, 5, 13

City of Santa Ana Charter ...........................................................5

City of Santa Ana Municipal Code....................................5, 6, 11, 12

California Constitution ............................................................11, 12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

I.      <u>INTRODUCTION</u>

The City of Santa Ana, a California charter city, recently adopted a Rent Stabilization Ordinance ("RSO") and a Just Cause Eviction Ordinance ("JCE") in order to protect the tenants of residential real property and mobilehome parks from the increasing housing rent burden, poverty, and housing instability faced by many residents in the City.  The RSO and JCE became effective on November 19, 2021. (The City's RSO and JCE are attached as Exhibits "A" and "B" respectively to Defendants' Request for Judicial Notice ("RJN") filed concurrently herewith.)

On October 18, 2022, the City amended the RSO and JCE and combined the two separate ordinances, titled the Rent Stabilization and Just Cause Eviction Ordinances (the "Ordinance").  (The City's Ordinance is attached as Exhibit "C" to Defendant's RJN.) Plaintiff, a local landlord association, through its operative Complaint, seeks declaratory and injunctive relief regarding the constitutionality of the Ordinance.  Plaintiff has named both the City of Santa Ana and Santa Ana City Council as defendants in this action.

The City's Ordinance was adopted pursuant to the City's lawful use of its police powers to regulate public health, safety and welfare.  The City has the right to adopt Ordinances such as these that address important and fundamental areas of local concern.  Defendants will demonstrate that Plaintiff's Complaint fails for lack of subject matter jurisdiction because Plaintiff has failed to allege that the Complaint was brought on the basis of associational standing and further, fails to allege sufficient facts to demonstrate that it has associational standing.  Second, Defendants will show that Plaintiff has failed to allege sufficient facts to support any of the five causes of action contained in their complaint.  As a result, this Court should grant Defendants' Motion to Dismiss Plaintiff's Complaint in its entirety.

/ / /

/ / /

II.     <u>STATEMENT OF FACTS</u>

On October 19, 2021, the Santa Ana City Council adopted the RSO, specifically titled, "An Ordinance of the City Council of the City of Santa Ana Prohibiting Residential Real Property and Mobilehome Space Rental Rate Increases that Exceed Three Percent (3%) Annually, or Eighty Percent (80%) of the Change in Consumer Price Index, Whichever is Less, Within the City," Santa Ana Ordinance No. NS-3009, and the JCE, specifically titled, "An Ordinance of the City Council of the City of Santa Ana Requiring Just Cause Evictions," Santa Ana Ordinance No. NS-3010.  The Ordinances were properly adopted after two readings before the Santa Ana City Council, in accordance with Santa Ana Charter § 413.

On October 18, 2022, the Santa Ana City Council amended the JCE and RSO and adopted the Ordinance, officially titled, "An Ordinance of the City Council of the City of Santa Ana Amending Article X of Chapter 8 of the Santa Ana Municipal Code and Creating a New Article XIX in Chapter 8 of the Santa Ana Municipal Code Pertaining to the Rent Stabilization and Just Cause Eviction Ordinances."   The amended Ordinance is Santa Ana Ordinance No. NS-3027.  The amended Ordinance was properly adopted after two readings before the Santa Ana City Council in accordance with Santa Ana Charter § 413.

As pertinent here, the Ordinance creates a Rental Registry effective July 1, 2023 that requires all Landlords with Rental Units in the City of Santa Ana to complete and submit Registration Forms for each Rental Unit.  (Santa Ana Municipal Code ("SAMC") § 8-3160, RJN Exhibit C.)  The Registration Form requires the following information from the Landlord for each Rental Unit: (1) address of each Rental Unit including identifying number or letter; (2) Number of bedrooms and Bathrooms in Rental Unit; (3) Name, current address, and contact information of current Owners, authorized representatives and property managers; (4) Date of assumption of ownership by current Owners; (5) Current Rent; (6) Date and amount of last Rent Increase; and (7) Move-in date of current Tenant(s).  (SAMC § 8-

3160(g), RJN Exhibit C.)  Commencing October 1, 2023, the City may commence enforcement against any Landlord who fails to register a Rental Unit.  (SAMC § 8-3160(k), RJN Exhibit C.)

The Ordinance also provides that a Landlord may submit a Fair Return Petition to the Program Administrator requesting a Rent Increase in excess of that provided by the Ordinance in order to obtain a fair and reasonable return of the Rental Unit. (SAMC § 8-3142, RJN Exhibit C.)  The Ordinance further provides for a process by which a Landlord may submit a Capital Improvement Petition to the Program Administrator requesting a pass-through cost to the Tenants to cover expenses incurred by the Landlord to complete the Capital Improvements for the Rental Unit. (SAMC § 8-3143, RJN Exhibit C.) Finally, the Ordinance allows a Tenant to submit a Petition to the Program Administrator as specified in the Ordinance.  (SAMC § 8-3144, RJN Exhibit C.)  Once any Petition is filed, the Program Administrator will notify the Party that filed the Petition whether the Petition is accepted or denied based upon completeness of the submission.  (SAMC § 8-3145(a), RJN Exhibit C.)  If accepted, the Petition is heard by an impartial Hearing Officer or the Rental Housing Board , on its own motion, in the Board's sole discretion, may hold a hearing on a Petition without the Petition first being heard by a Hearing Officer.  (SAMC § 8-3145(f)-(g), RJN Exhibit C.)  The Ordinance provides for the right to appeal any decision of the Hearing Officer to the Board and if no Board exists, to utilize the administrative appeal process in SAMC Chapter 3.  (SAMC § 8-3145(q), RJN Exhibit C.)  Any decision of the Board is subject to judicial review.  (SAMC § 8-3185, RJN Exhibit C.)

On February 14, 2023, Plaintiff, Orange County Apartment House Association, Inc. dba Apartment Association of Orange County ("Plaintiff") filed a Complaint for Declaratory and Injunctive Relief against the City of Santa Ana and Santa Ana City Council, seeking to declare, among other requests, the Ordinance unconstitutional.  (*See* Complaint.)

III.   LEGAL STANDARD

A. Lack of Subject Matter Jurisdiction (*Fed. R. Civ. P.* 12(b)(1))

A motion to dismiss may be brought on the grounds that Plaintiff lacks subject matter jurisdiction. (*Fed. R. Civ. P.* 12(b)(1).)  Standing is jurisdictional and cannot be waived or forfeited.  (*Virginia House of Delegates v. Bethune-Hill,* 139 S. Ct. 1945, 1951 (2019).)

Plaintiff does not allege that the Association itself has suffered any cognizable injury.  Instead, it appears that Plaintiff is bringing this action on behalf of its members.  However, associational standing requires that Plaintiff demonstrate (1) its members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.  (*See*, *Associated Gen. Contractors of Am., San Diego Chapter, Inc. v. California Dep't of Transp.,* 713 F.3d 1187, 1194 (9th Cir. 2013).  The first prong of the test for associational standing requires Plaintiff to specifically identify the individual member or members who have suffered or will suffer harm and would be entitled to sue in their own right.  (*Id.,* at 1194-95 (describing how plaintiff failed to identify any affected members by name or submit declarations by members attesting to their harm); *Am. Immigr. Laws Ass'n v. Reno*, 18 F. Supp.2d 38, 51 (D.C.Cir. 1998), *aff'd*, 199 F.3d 1352 (D.C. Cir. 2000).) The Supreme Court itself stressed that an injured member of the organization must ordinarily be specifically identified to establish Article III standing for an organization.  (*Summers v. Earth Island Inst.*, 555 U.S. 488, 497-98 (2009).

B. Failure to State a Claim Upon Which Relief Can be Granted (*Fed. R. Civ. P.* 12(b)(6)

Grounds for bringing a motion to dismiss include "failure to state a claim upon which relief can be granted."  (*Fed. R. Civ. P.* 12(b)(6).)  Dismissal is proper if there is a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under

a cognizable legal theory." (*Balistreri v. Pacific Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988).)  While Plaintiffs are entitled to have well pled allegations taken as true, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . ." (*Balistreri v. Pacific Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988).)  Finally, " . . . for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling plaintiff to relief." (*Moss v. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009).)

IV.   PLAINTIFF'S COMPLAINT LACKS SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF HAS FAILED TO PLEAD FACTS THAT DEMONSTRATE STANDING

As noted above, standing is jurisdictional. (*Virginia House of Delegates v. Bethune-Hill* 139 S. Ct. 1945, 1951 (2019); *LA Alliance for Human Rights v. City of L.A.*, 14 F.4th 947, 956 (9th Cir. 2021).) Plaintiff alleges in its Complaint, that Plaintiff is comprised of approximately 2,000 rental property owners, operators, and industry suppliers in Orange and Riverside Counties[1]. (*See*, Complaint ¶ 1.) However, Plaintiff does not allege that it is suing based on associational standing nor does it allege it has met any of the elements to do so.  Associational standing requires that Plaintiff demonstrate (1) its members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. (*See*, *Associated Gen. Contractors of Am., San Diego Chapter, Inc. v. California Dep't of Transp.,* 713 F.3d 1187, 1194 (9th Cir. 2013).)

For the first prong, Plaintiff has failed to identify any individual members or members who have suffered or will suffer harm and would be entitled to sue in

[1] Interestingly, Plaintiff fails to mention that Defendant City of Santa Ana is also a member of the AAOC.

8

their own right.  (*Associated Gen. Contractors of Am., San Diego Chapter, Inc. v. California Dep't of Transp.,* 713 F.3d 1187, 1194-95 (9th Cir. 2013)(describing how plaintiff failed to identify any affected members by name or submit declarations by members attesting to their harm); *Am. Immigr. Laws Ass'n v. Reno*, 18 F. Supp.2d 38, 51 (D.C.Cir. 1998), *aff'd*, 199 F.3d 1352 (D.C. Cir. 2000).)  The Supreme Court itself stressed that an injured member of the organization must ordinarily be specifically identified to establish Article III standing for an organization.  (*Summers v. Earth Island Inst.* 555 U.S. 488, 497-98 (2009).  As such, Plaintiff has failed to allege facts that demonstrate it has met the first prong for associational standing.  Therefore, Plaintiff cannot maintain subject matter jurisdiction and the Complaint should be dismissed.

V.    PLAINTIFF'S ENTIRE COMPLAINT FAILS FOR LACK OF RIPENESS

The ripeness doctrine ensures litigation may occur only when there is concrete impact upon the parties, resulting from injury in fact.  (*See, Lujan v. Defes. Of Wildlife* 504 U.S. 555, 560-62 (1992); *Thomas v. Union Carbide Agric. Products Co.* 473 U.S. 568, 580 (1985).)  Plaintiff's Complaint, however, alleges no injury in fact but rather contains numerous tenuous and speculative assertions that are not based upon actual injuries or facts.  Plaintiff's First Cause of Action alleges a violation of due process pursuant to the 14th Amendment, on the grounds that the Rental Housing Board's composition is imbalanced.  However, Plaintiff does not allege that members of the Rental Housing Board have been appointed.  As a result, this claim is not ripe.  Plaintiff's Second Cause of Action for violation of the California Constitution's prohibition on property qualifications for holding office also fails because it is not ripe for the same reason as the First Cause of Action.

As to the Third Cause of Action, Plaintiff speculates about a future harm that has not yet occurred and may never occur.  (Complaint ¶ 55.)  Plaintiff's Fourth

9

Cause of Action alleges that the registration requirement of the Ordinance constitutes an unlawful search and seizure.  However, Plaintiffs do not allege that they have been required to submit any registration documents.  Finally, assuming the First through Fourth Causes of Action fail for lack of ripeness, then the Fifth for declaratory relief, must also fail for the same reason.

VI.   PLAINTIFF'S FIRST CAUSE OF ACTION FAILS TO STATE SUFFICIENT FACTS TO SUSTAIN A CLAIM FOR A PROCEDURAL DUE PROCESS VIOLATION

A claim for violation of procedural due process requires "deprivation of a constitutionally protected liberty or property interest and denial of adequate procedural protection."  (*Krainski v. Nevada ex rel. Bd. Of Regents of Nevada Sys. Of Higher Educ.*, 616 F.3d 963, 970 (9th Cir. 2010); *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008).)  The "process" that is due still requires consideration of the three factors and the balancing test from *Mathews v. Eldridge*:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probably value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. 319, 335 (1976).

The basis for Plaintiff's procedural due process claim is that "the Rental Housing Board is imbalanced in favor of tenants by design.  By stacking the deck against landlords and in favor of tenants and tenant interests, Plaintiff alleges, the Rental Housing Board will not be a forum for fair adjudication of the petitions presented to it.  (Complaint ¶ 34.)  Plaintiff further alleges "the Rental Housing Board's imbalanced composition will infect the fairness of its rulings, and the three tenant Board Members will have a pecuniary interest in the outcome of the Board's decisionmaking process."  (Complaint ¶ 36.)  However, this argument completely

10

1  disregards the fact that Petitions would first be heard by an impartial hearing officer

2  unless the Board opted to hear the Petition directly and that there is a right of

3  appeal either to the Board after the Hearing Officer or by way of Judicial Review.

4  (SAMC § 8-3145, RJN Exhibit C.)  Furthermore, the Rental Housing Board will

5  have a total of seven members made up of two landlord representatives, three

6  tenant representatives and two at large members.  (RJN ¶ C.)  The fundamental

7  requirement of due process is "the opportunity to be heard 'at a meaningful time

8  and in a meaningful manner'." (*Mathews v. Eldridge* 429 U.S. 319, 333 (1976).)

9  The City's Ordinance provides both an avenue for a hearing in front of Hearing

10  Officer and/or the Rental Housing Board and judicial review of any determination

11  made by that Board.  That is all that is required to demonstrate compliance with

12  procedural due process.  (*Id.* ; *Also see, Reno v. Flores*, 507 U.S. 292, 309 (1993).)

13       Further, Plaintiff's claim that the mere inclusion of three landlord

14  representatives on a seven members board results in a procedural due process

15  violation is unsupported by legal authority or the facts of this matter.  While

16  Plaintiff is entitled to have well pled allegations taken as true, "a plaintiff's

17  obligation to provide the grounds of his entitlement to relief requires more than

18  labels and conclusions . . . ."  (*Bell Atl. Corp. v. Twombly* 550 U.S. 544, 555

19  (2007).)  Therefore, Plaintiff has failed to demonstrate sufficient facts in the First

20  Cause of Action to support a claim for violation of Plaintiff's procedural due

21  process rights.

22  VII.  <u>PLAINTIFFS' SECOND CAUSE OF ACTION FAILS TO STATE A</u>

23        <u>CLAIM FOR VIOLATION OF THE CALIFORNIA CONSTITUTION</u>

24        <u>BECAUSE APPOINTMENT TO THE RENTAL HOUSING BOARD WAS</u>
      <u>NOT ENCOMPASSED BY ARTICLE I, SECTION 22.</u>

25       Plaintiff alleges that Article I, Section 22 of the California Constitution

26  "provides that '[t]he right to vote or hold office may not be conditioned by a

27  property qualification." (Complaint ¶ 33.)  Plaintiffs also allege, "[b]y the express

28  terms of the Ordinance, the ownership of a property interest is a precondition to

holding any of the seven Rental Housing Board Member Positions." (Complaint ¶ 43.) However, this contention is not entirely accurate because there is no property requirement for the two at large members of the Rental Housing Board. (SAMC § 8-3180(a), RJN Exhibit C.) As for the three tenant members and two landlord members, Plaintiff alleges that a leasehold estate or fee estate, respectively, is required for membership. Even if true, this does not offend the state constitutional prohibition on property qualifications for holding office.

As an initial matter, Plaintiff cites no authority beyond the California Constitution that applies this prohibition as broadly as Plaintiff contends that it should apply. This would include as argued by Plaintiff, application to nonelected board membership. Indeed, the case law discussing this prohibition is limited to the types of public offices for which individuals normally stand for election. (*See, e.g., Munoz v. City of San Diego*, 37 Cal.App.3d 1 (1974) (discussing predecessor prohibition on property qualifications to hold office in the context of elected city council membership); *Choudry v. Free*, 17 Cal. 3d 660 (1976) (challenging property ownership requirement for election to director of water district brought under Article I, Section 22.) The Rental Housing Board seats are appointed not elected positions. Therefore, Plaintiff has failed to state sufficient facts to demonstrate a violation of Article I, Section 22 of the California Constitution.

VIII. <u>PLAINTIFFS' THIRD CAUSE OF ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE PLAINTIFF HAS FAILED TO ALLEGE ANY FACTS THAT DEMONSTRATE A DUE PROCESS VIOLATION</u>

Plaintiff alleges that the City's Ordinance is facially invalid because the "Rental Housing Board will not be a fair forum for adjudication" of Fair Return Petitions (Complaint ¶ 56-57) and therefore appears to be alleging a procedural due process violation similar to that in the First Cause of Action. Plaintiff also alleges, "the Ordinance's rent control provisions serve to cap annual rent increases at a maximum of 3% or 80% of the Consumer Price Index, whichever is less. The

12

1    annual maximum percent increase is determined by the City and not by individual

2    landlords." (Complaint ¶ 53.) Plaintiff further alleges, "The delta between

3    inflation of the dollar versus inflation of rents in the City will thus grow to

4    unconstitutional proportions and deprive owners of a fair return on investment.

5    Because the Ordinance restricts rent increases for regulated properties in such a

6    manner, it is invalid on its face as it is impossible for the City to avoid confiscatory

7    results. (Complaint ¶ 54.)

8         However, facial validity of an ordinance challenged on due process grounds

9    is tested under a "rational basis" standard of review. (*Pennell v. City of San Jose*,

10   485 U.S. 1, 14 (1988).) Protection of consumer welfare is recognized as a

11   "legitimate" and rational goal of rent control. (*Id.*, at p. 3.) Courts have expressly

12   recognized as a valid government purpose "preventing excessive and unreasonable

13   rent increases caused by the growing shortage of and increasing demand for

14   housing within a municipality." (*Santa Monica Beach v. Superior Court* 19 Cal.4th

15   952 (1999).) The City made clear that one finding supporting the adoption of the

16   Ordinance is that "significant rent increases and housing instability pose a threat to

17   public health, safety and welfare, and a particular hardship for senior citizens,

18   persons living on fixed incomes, and other vulnerable persons living in Santa Ana.

19   (Ordinance No. NS-3027, Section 1C, RJN Exhibit C.)

20        As noted above in regards to the First Cause of Action, the City has adopted

21   procedures for providing a fair rate of return and a pass-through to the tenant for

22   capital improvements. (SAMC §§ 8-3141, 8-3142, 8-3143, RJN Exhibit C.) In

23   addition, such Petitions are heard either by an impartial Hearing Officer or by the

24   Board with the right to appeal to the Board or for judicial review. (SAMC § 8-

25   3145, RJN Exhibit C.) As a result, procedural due process is provided. (*See*,

26   *Mathews v. Eldridge* 429 U.S. 319, 333 (1976); *Reno v. Flores*, 507 U.S. 292, 309

27   (1993).)

28

1   Furthermore, "rent regulation must not prevent an efficient enterprise from

2   operating successfully but rent regulators are permitted to adjust prices within a

3   broad zone of reasonableness balancing the interests of landlords and tenants."

4   (*Galland v. City of Clovis*, 24 Ca,4th 1003, 1021 (2001).)  Plaintiff alleges only

5   speculative and conclusory statements about the potential for future harm as

6   support for the Third Cause of Action.  These allegations are insufficient to

7   withstand the instant motion. (*Bell Atl. Corp. v. Twombly* 550 U.S. 544, 555

8   (2007).)

9   Lastly, Plaintiff's may state that it is bringing a due process claim but in

10   reality, it is a veiled takings claim.  Case law does not support allegations that the

11   Ordinance is confiscatory and contrary to Plaintiff's assertions, landlords have been

12   provided a process for a fair return.  (*See*, e.g., *Pennell*, 485 U.S. at 11; *Apartment*

13   *Association of Greater Los Angeles v. Santa Monica Rental Control Board*, 24

14   Cal.App.4th 1730 (1994); *1*)  In fact, United States Supreme Court cases have

15   "long established that mere diminution in the value of property, however serious, is

16   insufficient to demonstrate a taking."  (*Rancho De Calistoga v. City of Calistoga*,

17   800 F.3d 1083, 1090 (9th Cir. 2015).)  Plaintiffs' economic interests and

18   investment-backed expectations do not amount to a taking because the Ordinance is

19   a regulation on the use of property, and in particular an allowable regulation on

20   housing conditions and the landlord-tenant relationship.  The Ordinance does not

21   preclude all use of Plaintiffs' property.  Instead, it only regulates certain activities.

22   As a result, Plaintiffs' Third Cause of Action for what amounts to a facial

23   regulatory taking fails as a matter of law and is subject to dismissal.

24   / / /

25   / / /

26   / / /

27   / / /

28

IX.   <u>PLAINTIFFS' FOURTH CAUSE OF ACTION ALLEGING A
VIOLATION OF THE FOURTH AMENDMENT FAILS TO STATE
SUFFICIENT FACTS TO DEMONSTRATE AN UNLAWFUL SEARCH
OR SEIZURE</u>

Plaintiff's Fourth Cause of Action alleges "[b]y forcing property owners to
enroll in the Rental Registry and supply the information demanded of them, the
City will engage in unreasonable and unlawful searches in contravention of the
Fourth Amendment to the United States Constitution." (Complaint ¶ 59.)
Specifically, Plaintiff takes issue with the requirement that owners submit a
"registration form for each rental unit in the City at least once a year, if not,
otherwise upon transfer of fee title to another, and also upon the vacacy or reletting
of each and every unit within the City. (Complaint ¶ 63.) Plaintiff goes on to claim
that the City has no substantial government interest in the collection of the
information. (Complaint ¶ 61.)

Case law makes clear that rent control ordinances are generally recognized as
having a legitimate governmental purpose. (*See*, *Pennell v. City of San Jose* 485
U.S. 1, 3; *Santa Monica Beach v. Superior Court* 19 Cal.4th 952 (1999.)

In addition, a claim for violation of the Fourth Amendment for unlawful
search or seizure requires facts that demonstrate Plaintiff has an expectation of
privacy in the items to be searched or seized. (*See, Byrd v. United States*, 138 S.
Ct. 1518, 1526 (2018); *Carpenter v. United States*, 138 S. Ct. 2206, 2213-2214
(2018).) Plaintiff has pled no facts that demonstrate any expectation of privacy in
the information required to be disclosed pursuant to the Rental Registration Form.

Furthermore, to the extent that Plaintiff would attempt amendment of its
claim, it should be noted that "biographical information" about rental units,
including number of bedrooms and bathrooms or monthly rent, are either matters of
public record or are regularly disclosed in rental applications submitted to local
governments to increase rent or withdraw rental units from the market. (*See*,
*Apartment Association of Greater Los Angeles v. City of Beverly Hills*, 2019 U.S.

15

Dist. LEXIS 150690 at p.8 (C.D. Cal. 2019).)  Likewise, the name of current owners, authorized representatives and property managers and the date of assumption of ownership would be a matter of public record.  Finally, the date of the last rent increase and the move-in date of the current tenant(s) are hardly information in which Plaintiff or its members would have a reasonable expectation of privacy.  In particular, tenants are free to share that information with anyone they choose and there is a reduced expectation of privacy in information shared with third parties.  (*See*, *Carpenter*, 138 S.Ct. at 2219.)  Under all of these circumstances, Plaintiff's Fourth Cause of Action must fail.

X.      PLAINTIFFS' FIFTH CAUSE OF ACTION FOR DECLARATORY RELIEF IS DEPENDENT UPON CAUSES OF ACTION ONE THROUGH FOUR AND THEREFORE FAILS

Plaintiff's Fifth Cause of Action for Declaratory Relief rises and falls with the rest of the claims in the Complaint.  Assuming that the First through Fourth Cause of Action fail to allege sufficient facts to state any claim, the Fifth Cause of Action must also fail.

XI.     CONCLUSION

Based upon the foregoing, Defendants respectfully request that this Court grant its motion to dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

SONIA R. CARVALHO
City Attorney
City of Santa Ana

Dated: April 13, 2023          By:    */s/ Laura A. Rossini*
                                      Laura A. Rossini
                                      Chief Assistant City Attorney
                                      Attorney for Defendants,
                                      CITY OF SANTA ANA; and
                                      SANTA ANA CITY COUNCIL

16

## PROOF OF SERVICE

USDC – Central District of California, Case No.:  8:23-cv-00608-CJC-ADSx
*Orange County Apartment House Association, et al v. City of Santa Ana, et al.*

     I am employed in the aforesaid county; I am over the age of eighteen and not a party to the within action; my business address is 20 Civic Center Plaza, #M-29, Santa Ana, California 92701.

     On April 13, 2023, I served the foregoing document described as DEFENDANTS CITY OF SANTA ANA AND SANTA ANA CITY COUNCIL'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

     [ ] **BY REGULAR MAIL**:  I deposited such envelope in the mail at 20 Civic Center Plaza, 7th Floor, Santa Ana, CA  92701.  The envelope was mailed with postagte thereon fully prepaid.

     I am readily familiar with my employer's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Santa Ana, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    ☒    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**  The foregoing document will be served by the court via NEF.  On **April 13, 2023** I checked the CM/ECF docket for this case and determined that the following persons are on the Electronic Mail List to receive NEF transmission at the email address(es) indicated in the attached service list.

    ☒    (Federal)  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

     Executed on April 13, 2023, at Santa Ana, California.

                         */s/  Suzanne St. Clair*
                         Suzanne St. Clair

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **SERVICE LIST**

USDC – Central District of California, Case No.:  8:23-cv-00608-CJC-ADSx
*Orange County Apartment House Association, et al v. City of Santa Ana, et al.*

| | |
|---|---|
| A. Patrick Muñoz<br>Douglas J. Dennington<br>Jayson A. Parsons<br>RUTAN & TUCKER, LLP<br>18575 Jamboree Road, 9th Floor<br>Irvine, CA  92612 | Attorneys for Plaintiffs<br><br>Telephone: (714) 641-5100<br>Facsimile:  (714) 546-9035<br>emails:<br>pmunoz@rutan.com;ddennington@rutan.com;<br>jparsons@rutan.com |

18